# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEARNY MESA REAL ESTATE HOLDINGS, LLC, an Alaska limited liability company,<br><br>Plaintiff,<br>v.<br>KTA CONSTRUCTION, INC., a California corporation,<br><br>Defendant. | CASE NO. 17cv207-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant KTA Construction, Inc. ("Defendant") (ECF No. 6).

**I. Background**

On February 2, 2017, Plaintiff Kearny Mesa Real Estate Holdings, LLC ("Plaintiff") initiated this action by filing a complaint. (ECF No. 1). On February 14, 2017, Plaintiff filed the First Amended Complaint (ECF No. 4), which is the operative complaint in this action.

On March 6, 2017, Defendant KTA Construction, Inc. filed the Motion to Dismiss (ECF No. 6) and a Request for Judicial Notice (ECF No. 6-3). On March 27, 2017, Plaintiff filed a response in opposition (ECF No. 10) and a Request for Judicial Notice (ECF No. 10-3). On April 3, 2017, Defendant filed a reply. (ECF No. 11).

**II. Allegations of the First Amended Complaint (ECF No. 4)**

Plaintiff alleges that it is "a limited liability company registered under the laws of the State of Alaska, having its principal place of business in Anchorage, Alaska. Plaintiff has at all relevant times been authorized to do business in the State of California, and has done and continues to do business in California and within this District." (ECF No. 4 at ¶ 1). "Plaintiff, Kearny Mesa Real Estate Holdings, LLC ('KMREH') is the owner of a 3.57 acre parcel of land located on Kearny Villa Road in the Kearny Mesa Community Planning Area of the City of San Diego in California (hereafter referred to as the 'KMREH Property')." *Id.* at ¶ 8. "The KMREH Property was originally part of a larger parcel that was split into two parcels in 2015. After the parcel was split, the larger part of the parcel (approximately 9.31 acres) was sold to the California Highway Patrol (hereafter referred to as the 'CHP Property'). The smaller portion of the property (approximately 3.57 acres) is owned by KMREH." *Id.* at ¶ 10.

"The KMREH Property contains both vernal pool basins and vernal pool watershed. Vernal pools containing the San Diego fairy shrimp were confirmed to exist on the KMREH Property in 2013 and again in March 2016. The San Diego fairy shrimp (*Branchinecta sandiegonensis*) was designated as an endangered species in 1997 under the Endangered Species Act of 1973." *Id.* at ¶¶ 12-14. "In 2013 and 2016, the vernal pools on the KMREH Property were observed to contain several other indicator species as well, including the American pillwort (*Pilularia Americana*), dwarf woolly-heads (*Psilocarphus brevissimus*), water pygmy-weed (*Crassula aquatic*), and short-seed waterwort (*Elatine brachysperma*)." *Id.* at ¶ 16. "In light of the existence of vernal pools with the San Diego fairy shrimp on its property, KMREH started the process to protect and restore vernal pools on the KMREH Property so that KMREH could protect the environment . . . and also so that the KMREH Property could be marketed as a mitigation property for entities that need restoration property as a requirement for other developments." *Id.* at ¶ 18.

"On or about September 14, 2015, the City of San Diego contracted with Defendant to install new water lines on Kearny Villa Road. Sometime in March 2016,

the California Highway Patrol ('CHP') granted Defendant a temporary right of entry permit to the CHP Property for a 100'x100' construction laydown area. Instead of using only the CHP Property for its construction laydown area, sometime between March 2016 and the end of May 2016, Defendant, without permission from Plaintiff, cut a hole in the fence protecting the KMREH Property and intentionally entered the KMREH Property." *Id.* at ¶¶ 19-21.

"Sometime between March 2016 and the end of May 2016, after Defendant entered the KMREH Property without permission from Plaintiff, Defendant set up a staging area for its construction purposes, disturbing land in the southeastern corner of the KMREH Property." *Id.* at ¶ 22. "Sometime between March 2016 and the end of May 2016, after Defendant entered the KMREH Property without permission from Plaintiff, Defendant trenched through and graded parts of the KMREH Property containing vernal pool basins and vernal pool sub-watershed – the critical habitat components of the San Diego fairy shrimp. The Defendant's activities affected at least one known occurrence of San Diego fairy shrimp. The Defendant's activities also compromised additional onsite disturbed habitat currently undergoing transition and recovery." *Id.* at ¶ 23-25. "The damages caused by Defendant's activities is current, ongoing and will continue until the damage is repaired and the vernal pools, vernal pool watershed and seasonal wetlands are restored." *Id.* at ¶ 26.

**III. Analysis**

    **A. Standing to Sue**

        **i. Contentions of the Parties**

Defendant contends that Plaintiff cannot maintain this action "[b]ecause California law requires a foreign limited liability company to register in the state before it can maintain a legal action in the state[.]" (ECF No. 6-1 at 5). Defendant contends that Plaintiff "has no apparent certificate of registration to transact intrastate business in California" and that "public records from the California Secretary of State's business entity search show that Plaintiff has not registered with the State of California." *Id.* at

9. Defendant contends that unregistered foreign limited liability companies may file suit in California only if they have "enter[ed] into repeated and successive transactions of business in this state, other than in interstate or foreign commerce." *Id.* at 10 (citation omitted). Defendant contends that Plaintiff has engaged in repeated and successive business transactions in California without registering with the State of California.

Plaintiff contends that it was not required to register with the State of California to bring this action because it is "not transacting intrastate business" in California. (ECF No. 10 at 11). Plaintiff contends that it has only engaged in three discrete actions in California: acquiring property, starting the process to protect and restore vernal pools, and evaluating harm to its property allegedly caused by Defendant. Plaintiff further contends that "out of an abundance of caution, [Plaintiff] has registered with the state" by obtaining a certificate of registration to transact intrastate business in compliance with the California Corporations Code. *Id.* at 13-14.

**ii. Applicable Law**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "All factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to plaintiffs.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

Federal Rule of Civil Procedure 17(b) states that "Capacity to sue or be sued is determined[,]" for all parties other than individuals or corporations, "by the law of the state where the court is located[.]" Fed. R. Civ. P. 17(b)(3). Under California law,

where this Court is located,[1] "A foreign limited liability company transacting intrastate business in this state shall not maintain an action or proceeding in this state unless it has a certificate of registration to transact intrastate business in this state." Cal. Corp. Code § 17708.07(a). "A foreign limited liability company that enters into repeated and successive transactions of business in this state, other than in interstate or foreign commerce, is considered to be transacting intrastate business in this state within the meaning of this article." Cal. Corp. Code § 17708.03(a).

### iii. Analysis

In this case, Plaintiff alleges in the FAC and concedes in the opposition that it is a limited liability company registered in Alaska. *See* ECF Nos. 4 at ¶ 1, 10 at 12. In its Request for Judicial Notice, Plaintiff provides the Court with "A true and correct copy of the Certificate of Registration issued by the California Secretary of State on March 27, 2017, effective as of March 24, 2017, to Kearny Mesa Real Estate Holdings, LLC." (ECF No. 10-3 at 2, 30). Plaintiff contends that this certificate permits Plaintiff to "transact intrastate business in compliance with the Corporations Code" and to "maintain this action." (ECF No. 10 at 14). Pursuant to Federal Rule of Evidence 201, the Court may properly consider "'matters of public record'" outside of the complaint on a motion to dismiss that are not "'subject to reasonable dispute.'" *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (quoting *Lee*, 250 F.3d at 689). "Records and reports of administrative bodies" are matters of public record that may be judicially noticed. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

In this case, the Court takes judicial notice of the "true and correct copy of the Certificate of Registration issued by the California Secretary of State on March 27, 2017, effective as of March 24, 2017, to Kearny Mesa Real Estate Holdings, LLC" in Plaintiff's Request for Judicial Notice. (ECF No. 10-3 at 2). The Certificate states that, on March 24, 2017,

---

[1] Plaintiff concedes that "[a]s an Alaskan LLC, Plaintiff agrees that its capacity to sue is evaluated under" California law. (ECF No. 10 at 11 n.1).

> Kearny Mesa Real Estate Holdings, LLC, complied with the requirements of California law in effect on that date for the purpose of registering to transact intrastate business in the State of California; and further purports to be a limited liability company organized and existing under the laws of Alaska as Kearny Mesa Real Estate Holdings, LLC and that as of said date said limited liability company became and now is duly registered and authorized to transact intrastate business in the State of California, subject, however, to any licensing requirements otherwise imposed by the laws of this State.

*Id.* at 30.

The record shows that Plaintiff has now registered with the California Secretary of State to transact intrastate business in the State of California in compliance with Cal. Corp. Code § 17708.07. *See Motohouse Intern., LLC v. PPG Indus., Inc.*, Civil No. 09cv1265-L(JMA), 2010 WL 476652, at *1 (S.D. Cal. Feb. 4, 2010) (Lorenz, J.) ("Because Plaintiff is now in compliance with the [California Corporations Code] registration requirement, Defendants' motion to dismiss is denied to the extent it is based on Plaintiff's capacity to sue."); *Quigley v. Guvera IP Pty Ltd.*, No. C 10–03569 CRB, 2010 WL 5300867, at *6-7 (N.D. Cal. Dec. 20, 2010) (stating that "California courts consistently treat [the California Corporations Code] and similar corporate registration provisions as governing a company's capacity to sue, not its standing, and therefore do not prevent an unregistered out of state entity from commencing a suit and curing the deficiency while the suit is underway.").[2] The Court DENIES the Motion to Dismiss to the extent that it based on Plaintiff's capacity to sue in this Court.

**B. Defendant's Contention of Plaintiff's Alleged "Judge-Shopping"**

Defendant further contends this Court should impose sanctions of either dismissal or transfer of this action because Plaintiff has allegedly engaged in "judge-shopping." (ECF No. 6-1 at 12). Defendant contends that Plaintiff filed an earlier action in this District in November 2016, and subsequently voluntarily dismissed that action to proceed with the present action. *Id.* at 11-12; *Kearny Mesa Real Estate Holdings, LLC*

---

[2] In *Motohouse* and *Quigley*, the courts applied Cal. Corp. Code § 17456(a) to analyze the capacity to sue issue under California state law. Section 17456 was repealed and subsequently replaced with nearly identical language in Cal. Corp. Code § 17708.07.

*v. K T A Construction, INC.*, Case No. 16cv2766-BEN-JLB (S.D. Cal. filed Nov. 9, 2016). Plaintiff's counsel explains that she voluntarily dismissed the earlier action in order to avoid any current or future jurisdictional challenges based on notice requirements. *See* ECF No. 10-2 at 2-3; Beresford Decl. at ¶¶ 3-15. The Court concludes that there are no facts in the record which support imposing sanctions in this case.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant (ECF No. 6) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request for Judicial Notice (ECF No. 10-3) is granted in part as to the Certificate of Registration issued by the California Secretary of State on March 27, 2017. The remainder of Plaintiff's Request for Judicial Notice is denied as moot.

IT IS FURTHER ORDERED that Defendant's Request for Judicial Notice (ECF No. 6-3) is denied as moot.

DATED: August 16, 2017

**WILLIAM Q. HAYES**
United States District Judge